**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 5 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KRISHNA RAJ PRADHAN,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.     14-73613

Agency No. A089-678-614

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Krishna Raj Pradhan, a native and citizen of Nepal, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency conclusion that Pradhan's experiences in Nepal, even considered cumulatively, did not rise to the level of persecution. *See Gu v. Gonzalez*, 454 F.3d 1014, 1019-21 (9th Cir. 2006); *see also Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) ("Although [petitioner's] experiences are disturbing and regrettable, they do not evince actions so severe as to *compel* a finding of past persecution.") (emphasis added). Further, substantial evidence supports the agency's finding that Pradhan failed to establish it is more likely than not he would be persecuted if returned to Nepal. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"); *see also Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"). Thus, Pradhan's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

14-73613